FILED
SUPERIOR COURT
OF GUAM

2022 FEB -1 PM 1:24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MAY D.F. HANNAH,<br><br>Plaintiff,<br><br>vs.<br><br>LUCILLE FLORES LEON GUERRERO, IGNACIO R. LEON GUERRERO, ALFRED F. LEON GUERRERO, MARK D. LEON GUERRERO, BRIAN F. LEON GUERRERO, and DOES I-IX,<br><br>Defendant. | CIVIL CASE NO. CV1651-10<br><br><br><br>DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE WITHOUT PREJUDICE |

This matter came before the Honorable Dana A. Gutierrez on November 3, 2021 for a hearing on Plaintiff's Motion to Substitute Special Administrator In Stead of Ignacio R. Leon Guerrero, Defendant-Counterclaimant ("Motion to Substitute"). Plaintiff is represented by Attorney James Maher. Defendants are represented by Attorney Jacqueline T. Terlaje. Having reviewed the arguments presented by the parties and in accordance with the applicable law, the Court now issues this Decision and Order **DENYING** Plaintiff's Motion to Substitute **WITHOUT PREJUDICE**.

### BACKGROUND

The above-captioned matter was remanded to this Court by the Supreme Court's Mandate filed on October 13, 2020. The Court held a Further Proceedings on November 12,

2020 in order to discuss how the case should proceed in accordance with the Supreme Court's Opinion and Judgment issued in this case. On November 24, 2020, based on the discussions at the hearing, the Court issued an Order After Hearing ("OAH") requiring each party to submit a Position Statement to articulate how the Court should proceed.

On December 18, 2020, Plaintiff filed a Briefing Re: Mandate, and Defendants filed: 1) Defendants' Brief on Remand, and 2) Notice of Suggestion of Death regarding the death of Ignacio R. Leon Guerrero which occurred on July 1, 2019. Upon review of the briefings submitted by the parties as well as the Supreme Court's Opinion and Judgment, the Court issued an Order finding that a new trial on all issues of fact must be conducted. Order Re Mandate For Further Proceedings (Apr. 16, 2021). Based on this finding, the Court further ordered Plaintiff to file a Second Amended Complaint consistent with the Supreme Court's Opinion and that Defendants file an Answer to the Second Amended Complaint, if any, in accordance with the Guam Rules of Civil Procedure ("GRCP"). OAH (May 20, 2021)

On July 6, 2021, in response to Plaintiff's Second Amended Complaint ("Complaint"), Defendants filed their Second Amended Answer to Second Amended Complaint, Counterclaim for Quiet Title and Demand for Jury Instruction ("Answer"). The Answer states that Defendants "denies [sic] that there exists jurisdiction over decedent, Ignacio R. Leon Guerrero" because "[o]n December 18, 2020, Defendants lodged with the Court a Notice of Suggestion of Death," yet "[n]o motion for substitution was made within ninety (90) days, as required by the Guam Rules of Civil Procedure, Rule 25(a)(1)." Answer, at ¶ 23.

On July 14, 2021, Plaintiff filed the instant Motion to Substitute supported by a Declaration of James Maher. On August 24, 2021, Defendants filed their Opposition to the Motion to Substitute. Plaintiff filed her Response to Defendants' Opposition, supported by a

2

Declaration of James Maher and a Declaration of Emiline S. Cruz, on September 3, 2021. The Court heard oral argument from the parties on November 3, 2021 and subsequently took the matter under advisement.

## DISCUSSION

I.     **Rule 25(a)(1) of the GRCP Requires Service of the Notice of Suggestion of Death In Accordance With Rule 5(b) of the GRCP.**

Plaintiff asserts that although Defendants formally suggested Defendant Ignacio R. Leon Guerrero ("ILG") upon the record, Defendants failed to serve Plaintiff with the Notice of Suggestion of Death of ILG ("Notice") in accordance with Rule 5(b)(2) of the GRCP, as required by Rule 25(a)(1) of the GRCP. In response, Defendants do not dispute that the Notice was not served on Plaintiff in accordance with Rule 5(b)(2). Min. Entry, at 1:54:32-1:56:00 PM (Nov. 3, 2021). Rather, Defendants argue that the Notice was provided to Plaintiff's counsel via email which was allowed by the Supreme Court's Administrative Orders, and noted that Plaintiff's counsel has received every other paper in the case via email without objection. *Id.*[1]

Rule 25(a)(1) of the GRCP, entitled "Substitution of Parties," provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made **not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion,** the action shall be dismissed as to the deceased party.

---

[1] Defendants stated that the issue of service of the Notice was not raised in Plaintiff's initial Motion to Substitute, so Defendants did not research which Administrative Order or Rules permit such actions. However, the Court notes that the issue of service was clearly raised in Plaintiff's Reply brief, and therefore, prior to the Motion Hearing, Defendants had sufficient notice of the issue to prepare to address whether Plaintiff was properly served with the Notice. Further, Defendants did not request to supplement their opposition in order to address this argument raised in the Reply.

(emphasis added).

The Ninth Circuit has established that Rule 25(a)(1) requires two affirmative steps in order to trigger the running of the 90 day period. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).[2]

> First, a party must formally suggest the death of the party upon the record. **Second, the suggesting party must serve other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b)**, while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Id.* (internal citations omitted) (emphasis added). Rule 5(b) provides that when a party is represented by an attorney, service of pleadings other than the complaint is made on the attorney by: 1) handing it to the attorney; 2) leaving it at the attorney's office with someone in charge or in a conspicuous place; 3) leaving at the attorney's house with someone of suitable age and discretion; 4) mailing a copy to the attorney; or 5) delivery a copy by any other means, including electronic means, *consented to in writing by the person served.* Guam R. Civ. P. 5(b)(2)(A), (B), and (D).

The "written consent" to service by electronic means "must be express, and [it] cannot be implied from conduct." Fed. R. Civ. P. 5(b)(2)(E), Advisory Committee Note to 2001 Amendment; 1 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure,*

---

[2] "[F]ederal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe*, 2018 Guam 4 ¶ 9. The Rule 25 adopted for the GRCP was modeled after the 2003 version of Rule 25 of the Federal Rules of Civil Procedure ("FRCP"). Guam R. Civ. P. 25, *Compiler's Note.* However, Rule 25 of the FRCP has not had any substantive changes since 1963. Fed. R. Civ. P. 25, Advisory Committee Notes. Therefore, federal law interpreting Rule 25 of the FRCP from 1963 through now is persuasive authority in this jurisdiction. *See O'Keefe*, 2018 Guam 4 ¶ 9.

*Rules and Commentary Rule 5* (2021) ("The consent to electronic service must be in writing. It cannot be implied from conduct[.]"); *e.g., Martin v. Deutsche Bank Securities Inc.*, 676 Fed. Appx. 27, 29 (2d Cir. 2017) (holding that service was not effected in accordance with Rule 5(b) where the party argued that the attorney's consent to service via email was "implied" from the parties' "pattern and practice of communicating via e-mail," but the attorney never "consented in writing" to electronic service); *Helms v. Hanover Ins. Group Inc.*, No. CV-20-01728-PHX-DWL, 2021 WL 1610202, at *2 (D. Ariz. 2021); *Nature's Products Inc. v. Ultimate Formulations Inc.*, No. CV12-784, 2017 WL 4227237, at *1 (C.D. Cal. 2017).[3]

Defendants do not dispute that service of the Notice was not effected on Plaintiff's counsel either personally, or via mail, as authorized by Rule 5(b)(2)(A)-(B). Min. Entry, at 1:54:32-1:56:00 PM (Nov. 3, 2021). Additionally, Defendants offered nothing to dispute that Plaintiff's counsel has not consented in writing to receive the Notice of Suggestion of Death for ILG.[4] Although it may be true that Plaintiff's counsel has accepted other documents in this case via email, consent to service via email under Rule 5(b)(2)(E) must be express, in writing, and cannot be implied from prior conduct, as explained above.

Because Defendants have not served Plaintiff with the suggestion of death in the same manner as required for service of the motion to substitute, i.e. pursuant to Rule 5(b), the Court

---

[3] The Rule 5 adopted for the GRCP was modeled after the 2003 version of Rule 5 of the FRCP. Guam R. Civ. P. 25, *Compiler's Note*. Rule 5(b)(2)(E) of the FRCP regarding service through electronic means has not had any substantive changes–except to alter the rule to account for the federal court's updated electronic filing system–since 2001. Fed. R. Civ. P. 5, Advisory Committee Notes. Therefore, federal law interpreting Rule 5 of the FRCP from at least 2001 through now is persuasive authority in this jurisdiction. *See O'Keefe*, 2018 Guam 4 ¶ 9.

[4] Plaintiff's counsel attests that he is unaware of any request from Defendants' counsel to obtain Plaintiff's counsel's consent to accept service of the Notice via email, and that Plaintiff's counsel has never consented in writing to accept service of the Notice via email. Decl. of James Maher, ¶ 3-4 (Sept. 3, 2021)

finds that the second required step to trigger the running of the 90 day period under Rule 25(a)(1) has not yet occurred. *See, e.g., Barlow*, 39 F.3d at 233.

## II. Even If Service Via Email Was Permitted by the Administrative Orders, The Notice Did Not Trigger the 90-Day Period Because It Did Not Identify a Personal Representative.

Although Plaintiff maintains that service of the Notice via email was not proper service under Rule 5(b), Plaintiff does not outright deny Defendants' assertion that Defendants' sent the Notice of Suggestion of Death to Plaintiff via email. Min. Entry, at 1:50:00-1:54:23 PM (Nov. 3, 2021). Defendants argue that the Guam Supreme Court's Administrative Orders authorized service via email of any document which did not require personal service. *Id.* at 2:08:46 PM (Nov. 3, 2021).

At the time the Notice was filed with the Court, the controlling Supreme Court Administrative Order was the Eleventh Updated Order Relative To Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus), ADM20-413 ("Eleventh Administrative Order"). Defendants correctly noted that the Eleventh Administrative Order does state that the "Clerks of Court and **parties shall continue to serve documents through electronic means** or by mail, except for those limited instances in which personal service is required." ADM20-413. Min. Entry, at 2:08:46 PM (Nov. 3, 2021) (emphasis added).

The Supreme Court has not addressed the meaning of this provision in the Administrative Order as it relates to documents that require service in accordance with Rule 5 of the GRCP. As Rule 5 does not require personal service, it appears that the Eleventh Administrative Order on its face *requires* service through electronic means without any agreement among the parties. However, even presuming the Eleventh Administrative Order intended to have such an effect, the 90-day period identified in Rule 25(a)(1) of the GRCP was not triggered by the Defendants'

Notice of Suggestion of Death because it failed to identify ILG's successor or personal representative. *Gilmore v. Lockard*, 936 F.3d 857, 866 (9th Cir. 2019); *Bailey v. MacFarland*, No. 2:15-cv-01725-TLN-DB, 2020 WL 5763825, at *4 (E.D. Cal. 2020) (applying the holding in *Gilmore* by "declin[ing] to place the burden on Plaintiff to identify the property party for substitution where [Defendant] is clearly in the better position to provide such information"); *see, e.g., Allen v. Allenby*, No. 1:15-cv-01609 DAD JDP, 2020 WL 7319364, at *1 (E.D. Cal. 2020) (citing *Gilmore* and noting the defendants failed to identify the appropriate representative).

In *Gilmore*, the Ninth Circuit ruled that Rule 25(a)(1) requires the suggestion of death to contain the identity of the successor or personal representative of the decedent's estate in order to trigger the 90-day period to run. *Id.* at 865-66. The *Gilmore* Court reasoned that the party filing the suggestion of death is "significantly better positioned than [the party moving to substitute] to ascertain [the decedent's] successor." *Id.* at 866. The Court continued:

> Shifting the burden to [the party filing the motion to substitute] to identify [the decedent's] successor would defeat the purpose of Rule 25(a): to preserve parties' rights and causes of action when a party dies . . . this purpose would not be served by allowing [the party filing the suggestion of death] to place [the party moving to substitute] at a tactical disadvantage, struggling to identify [the decedent's] successors or personal representatives within the 90-day deadline. Furthermore, nothing in *Barlow* suggests that where the party filing the suggestion of death has not yet confirmed the proper party for substitution, the burden of finding and serving the substituted party should necessarily shift to the other party. Instead, *Barlow* is better understood as interpreting the 90-day rule judiciously: where a party files a suggestion of death, it must do so in a manner that puts all interested parties and nonparties on notice of their claims in order to trigger the 90-day window . . . **Here, we require, at a minimum, identification of [the decedent's] successor or personal representative by [the party filing the suggestion of death], given that they were much better suited than [the party moving to substitute] to identify the proper parties . . . we conclude Rule 25(a)'s 90-day window was not triggered.**

*Id.* at 866-67 (emphasis added) (citing *Rende v. Kay*, 415 F.2d 983, 985–86 (D.C. Cir. 1969) ("[T]he Rule, as amended, cannot fairly be construed . . . to make [decedent's counsel's]

suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased. [Such a] construction would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days.")).

Here, it is undisputed that Defendants' Notice of Suggestion of Death does not identify a successor or personal representative for ILG. In fact, both parties confirmed at the November 3, 2021 hearing that as of the date of that hearing, no successor or personal representative has been appointed by Guam's probate court for the estate of ILG. Min. Entry, at 2:05:38, 2:07:14 PM (Nov. 3, 2021). As the party suggesting the death upon the record, Defendants' Notice must at a minimum identify the successor or personal representative for ILG in order for the Notice to trigger the 90-day period under Rule 25(a)(1). Because this information is absent from the Notice, this Court finds that Defendants' Notice of Suggestion of Death of ILG has not triggered the 90-day period within which Plaintiff is required to file a Rule 25(a)(1) motion to substitute.

### III. Although 90-Day Period Has Not Begun, This Court Is Without Authority to Appoint a Personal Representative for ILG.

Plaintiff also requests that this Court appoint a special administrator for ILG pursuant to 15 GCA § 1901. Mot., at 4. However, while this Court will not deny Plaintiff's Motion to Substitute due to untimeliness, the Court is unable to grant the Motion at this time because this Court lacks jurisdiction to appoint a personal representative for ILG pursuant to 15 GCA § 1901. When asked, Plaintiff was unable to direct this Court to any authority demonstrating that the Superior Court while acting in a civil matter, as opposed to acting within a probate proceeding,

8

has jurisdiction to appoint a special administrator for a decedent's estate. Min. Entry, at 2:05:38-2:06:27 PM (Nov. 3, 2021).[5]

Only the "probate department of the superior court has the exclusive jurisdiction to appoint a personal representative." *Gustafson v. Marschall*, No. D034649, 2001 WL 1506651, at *6 (Cal. Ct. App. 2001). Therefore, motions requesting the appointment of a personal representative filed in civil court can "not possibly be successful" because the "trial court lack[s] jurisdiction to make such an appointment." *Id.*; *see LN Management, LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (where the party filed a motion to substitute without indicating whether there was a record of any proceeding ever initiated to appoint a representative for the decedent, so the court held that "the request to add an unknown, and perhaps nonexistent executor (if the motion were to be so construed) is clearly improper); *Estate of Bloom v. City of San Diego*, No. 3:17-cv-02324-AJB-MSB, 2021 WL 3810521, at *2 (S.D. Cal. 2021) (denying plaintiff's motion to substitute without prejudice for failure to provide authority showing that the court was authorized to appoint a "special administrator" of an estate).

As the above-captioned matter is a civil matter, this Court lacks the authority to act as a probate court in order to appoint a personal representative for ILG. Therefore, the Court is unable to grant Plaintiff's Motion to Substitute at this time due to the deficient service of notice and lack of personal representative in place. Notwithstanding this Court's denial of Plaintiff's Motion, the Court further finds that Defendants' assertion that dismissal of Defendant ILG is required pursuant to Rule 25(a)(1) is not yet ripe due to the deficiencies with Defendants' Notice of Suggestion of Death.

---

[5] Additionally, the Court notes that even if the Court had such authority, Plaintiff did not identify a specific person or entity for the Court to appoint.

9

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Substitute Special Administrator In Stead of Ignacio R. Leon Guerrero, Defendant-Counterclaimant **WITHOUT PREJUDICE**.

SO ORDERED:    FEB 0 1 2022

 

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

*James Maher*
*Jackie Terlaje*

Date: _____ Time: 2/1/22
**Joseph Bamba, Jr.**

Deputy Clerk, Superior Court of Guam

10